

# THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Donald Verbanac #100178
Stanley Correctional Institution
100 Corrections Drive
Stanley, Wisconsin 54768-6500
       - Plaintiff

v

Deputy Clausing (Individual Capacity)
Deputy Uhan (Individual Capacity)
Washington County Sheriffs Department
500 Schmidt Road
West Bend, Wisconsin 53095-1986
       - Defendants

Case No. 09-C-0438



## CIVIL COMPLAINT
## 42 U.S.C. § 1983

### JURISDICTION

This court has jurisdiction pursuant to 42 U.S.C. § 1983 and Wis. Stats. 893.53

### PARTIES IN THIS ACTION

1. The plaintiff is a citizen of The United States Of America.

2. The defendants are sheriffs at The Washington County Sheriffs Office.

### CAUSE OF ACTION

**THE DEFENDANTS ARRESTED THE PLAINTIFF INSIDE OF HIS HOME WITHOUT A WARRANT, WITHOUT PROBABLE CAUSE, WITHOUT EXIGENT CIRCUMSTANCES FOR THE ARREST THEREFORE, THE PLAINTIFF'S ARREST IS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

## STATEMENT OF FACTS

1. On 9/19/07 at 10:00 A.M., the defendant's came to the plaintiff's home at 373 County Highway MY to investigate an alleged incident at the plaintiff's home.

2. The defendants upon arrival at the plaintiff's front door of the plaintiff's home, ask the plaintiff if he knew EML.

3. The defendants then ask the plaintiff if they could search the plaintiff's home.

4. The plaintiff told the defendants that they could not search his home.

5. Based solely on the fact that the plaintiff told the defendants that they could not search the plaintiff's home, the defendants placed handcuffs on the plaintiff and placed the plaintiff under arrest.

6. The defendants did not have probable cause for the plaintiff's warrantless arrest inside the plaintiff's home.

7. The defendants did not have a warrant to arrest the plaintiff.

8. The defendants did not have exigent circumstances to arrest the plaintiff inside of his home.

9. Both the defendants know are should have known that in order to arrest the plaintiff inside his home the defendants must have a warrant or exigent circumstances. See Payton v New York 445 U.S. 573 (1980), Kirk v Louisiana 536 U.S. 635 (2002), United States v Cazares-Olivas 515 F.3d 726 (7th cir.2008), United States v Xiong 60 F.Supp.2d 903 (E.D.Wis.1999).

10. The defendants intentionally refused to present an affidavit to a judge in support of

the plaintiff's warrantless arrest therefore, the defendants denied the plaintiff his constitutional right to an independent judicial determination of probable cause. See Gerstein v. Pugh 420 U.S. 103 (1975), United States v. Leal 876 F. Supp. 190 (C. D. Ill. 1999).

11. The defendants know or should have known that when they arrested the plaintiff inside his home without a warrant and affidavit in support of the plaintiff's warrantless arrest must be presented within 48 hours of the plaintiff's warrantless arrest for an independent judicial determination of probate cause. See Gerstein Supra, County of Riverside v. McLaughlin 500 U.S. 44 (1991).

### DEFENDANTS HAVE NO ABSOLUTE OR QUALIFIED IMMUNITY
### ARGUMENT

The defendants know or should have known that in order to arrest the plaintiff inside his home, the defendants must have a warrant or exigent circumstances. See Payton, supra. The plaintiff's Fourth Amendment rights were clearly established at the time the defendants arrested the plaintiff inside his home without a warrant therefore, the defendants have no immunity. See Elder v Holloway 510 U.S. 510 (1990). See 18 U.S.C. S. § 242.

### RELIEF REQUESTED

The plaintiff request that a money judgment be entered against the defendants in the amount of $250,000.00 TWO HUNDRED AND FIFTY THOUSAND DOLLARS.

I THE UNDERSIGNED SWEAR UNDER PENALTY OF PERJURY THAT
THE FACTS OF THIS COMPLAINT ARE TRUE AND CORRECT

Date 04/24/09            _Donald P. Verbanac_
                          Donald Verbanac Plaintiff Pro Se